**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MITCH BROILES et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1368-G** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Now before the Court is Plaintiffs Mitch Broiles and Tiffany Broiles' Motion to Remand (Doc. No. 10). Defendants State Farm Fire and Casualty Company ("State Farm") and Kenneth James State Farm Agency, LLC ("Defendant James") have responded (Doc. No. 16), and Plaintiffs have replied (Doc. No. 17). Additionally, the parties have filed notices of supplemental authority pursuant to Local Civil Rule 7.1(l). *See* Notices of Suppl. Auth. (Doc. Nos. 24, 26).

*I. Background*

Plaintiffs initially filed this action in the District Court of Oklahoma County, Oklahoma, on October 13, 2025. *See* Pet. (Doc. No. 1-1). Plaintiffs challenge State Farm's denial of an insurance claim submitted for storm damage to Plaintiffs' residence. *See* Am. Compl. (Doc. No. 9) ¶¶ 1, 26, 28, 55.[1]

[1] Defendants argue that Plaintiff's Amended Complaint should be disregarded in determining the Motion to Remand. *See* Defs.' Resp. at 10-12. The Tenth Circuit has implicitly approved a district court's consideration of a proposed amended pleading in determining whether a non-diverse defendant was fraudulently joined. *See Nerad v.*

Plaintiffs' claims are premised on an alleged bad faith "pattern and practice" pursuant to which State Farm allegedly underpays and denies valid wind and hail damage claims. *See id.* ¶¶ 56, 58. State Farm agents allegedly know of this bad faith practice and fail to disclose it to customers, despite having a legal duty to do so. *Id.* ¶¶ 59-62, 64, 66.

Plaintiffs bring claims of breach of contract, breach of the duty of good faith and fair dealing, actual/constructive fraud, and civil conspiracy against Defendant State Farm. *See id.* ¶¶ 50-60, 66-68. Plaintiffs also assert claims against their insurance agent, Defendant James, for breach of the duty of professional care, actual/constructive fraud, and civil conspiracy. *See id.* ¶¶ 59-66, 68; Pls.' Mot. to Remand at 2; Pls.' Reply at 8-9.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 2-4. Plaintiffs then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## *II. Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a

---

*AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 914 (10th Cir. 2006). This Court has followed *Nerad*'s approach and considered amended pleadings at the fraudulent-joinder stage. *See, e.g.*, *Asbury v. N. Star Mut. Ins. Co.*, No. CIV-14-1331-HE, 2015 WL 588607, at *1 (W.D. Okla. Feb. 11, 2015); *Farrow v. State Farm Fire & Cas. Co.*, No. CIV-21-351-G, 2023 WL 2733400, at *3-4 (W.D. Okla. Mar. 31, 2023). For purposes of this Order, the Court considers "only Plaintiffs' proposed amendments to the existing claim[] of fraud." *Farrow,* 2023 WL 2733400, at *4.

presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Am. Compl. at 16. It is further undisputed that Plaintiffs and Defendant James are citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes. *See id.* ¶¶ 1, 3-6. Therefore, complete diversity does not exist among the parties.

State Farm asserts that the Court has jurisdiction over this action because Plaintiffs fraudulently joined Defendant James, a nondiverse defendant, as a means to defeat removal. *See* Notice of Removal at 4; Defs.' Resp. at 6-22. Citing the lack of diversity resulting from Defendants' failure to establish fraudulent joinder, Plaintiffs seek remand of this case to state court. *See* Pls.' Mot. to Remand at 2, 10-16; 28 U.S.C. § 1447(c).

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a

colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

## *III. Discussion*

### *A. Plaintiffs' Ability to Establish a Claim Against Defendant James*[2]

Defendants contend that fraudulent joinder is shown by Plaintiffs' inability to establish a viable cause of action against non-diverse Defendant James. In evaluating the Defendants' assertion of fraudulent joinder, the Court must "determine whether [Plaintiffs] ha[ve] any possibility of recovery against" Defendant James. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island*

---

[2] Defendants contend that Plaintiffs cannot establish a potentially viable constructive fraud claim because the claim is barred by the statute of limitations. *See* Notice of Removal at 6-8. The Court, however, does not resolve that issue at this stage. *See Baugh v. State Farm Fire & Cas. Co.*, No. 25-CV-417, 2026 WL 796371, at *3 (E.D. Okla. Mar. 4, 2026) (R. & R.) ("At the fraudulent-joinder stage, the Court does not adjudicate affirmative defenses, resolve statute-of-limitations, or determine whether tolling ultimately applies. Those are merits determinations reserved for the state court."), *adopted*, 2026 WL 793869 (E.D. Okla. Mar. 20, 2026).

*& Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiffs assert a claim of actual/constructive fraud against Defendant James. *See* Am. Compl. ¶¶ 59-63, 65, 66. Under Oklahoma law, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1); *see Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-92-JD, 2025 WL 2918045, at *5 (W.D. Okla. Okla. 14, 2025). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005) (internal quotation marks omitted). "A duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988).

Plaintiffs allege that Defendant James made "specific statements, representations,

misstatements, [and] misrepresentations" concerning the extent of coverage provided under the policy. Am. Compl. ¶¶ 18, 19. Specifically, Defendant James represented that Plaintiffs' coverage was "subject only to the exclusions specifically identified in the Contract." *Id.* ¶18. Plaintiffs further allege that Defendant James knew of and concealed material facts concerning State Farm's alleged scheme, including State Farm's "intentional misinterpretation and misapplication of the language" of the insurance contracts concerning exclusions, despite an existing duty to disclose. *Id.* ¶¶ 51, 59-62, 65, 66.

The Amended Complaint therefore sets forth factual allegations demonstrating that Defendant James made representations regarding the scope of Plaintiffs' coverage that could have given rise to a duty to disclose material facts concerning State Farm's claims-handling tactics. Given that all such factual and legal issues must be resolved in favor of Plaintiffs, the Court finds that the Defendants have not met their heavy burden to show with "complete certainty" that Plaintiffs cannot state a constructive fraud claim against Defendant James. *Smoot*, 378 F.2d at 882; *see Kitchen v. State Farm Fire & Cas. Co.*, No. CIV-25-1385-R, 2026 WL 736460, at *5 (W.D. Okla. Mar. 16, 2026) (finding, based upon similar allegations, that the plaintiff "ha[d] at least a reasonable possibility of succeeding on their constructive fraud claim" against the insurance agent); *see also Gentry v. Am. Motorist Ins. Co.*, 867 P.2d 468, 472 (Okla. 1992) (finding a breach of the insurance company's "duty to inform its insured," "through its agent," "of exclusions" from the policy).

*B. Summary*

Accordingly, the Court may not disregard the citizenship of Defendant Kenneth

James State Farm Agency, LLC in assessing whether diversity jurisdiction exists under 28 U.S.C. § 1332(a). The Court concludes that there is not complete diversity of citizenship and that remand is therefore required. *See* 28 U.S.C. § 1447(c).

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (Doc. No. 10) is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 30th day of September, 2026.

Charles B. Goodwin
CHARLES B. GOODWIN
United States District Judge